1
2
3
4
5
6   IN THE UNITED STATES DISTRICT COURT
7   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   LONZELL GREEN,                    )   No. C 07-2022 TEH (PR)
                                      )
10              Plaintiff,            )
                                      )   **ORDER DISMISSING COMPLAINT**
11       v.                           )   **AND INSTRUCTIONS TO THE**
                                      )   **CLERK**
12  HONORABLE LARRY GOODMAN,          )
    JUDGE,                            )
13                                    )
                Defendant.            )
14  _____

15          Plaintiff, a prisoner of the State of California currently incarcerated at California

16  State Prison-Sacramento, has filed a civil rights complaint against Alameda County

17  Superior Court Judge Goodman, who presided over a habeas corpus petition filed there

18  by Plaintiff.

19                                  **BACKGROUND**

20          In his complaint, Plaintiff alleges that Superior Court Judge Goodman issued an

21  order to show cause based on Plaintiff's allegations in his petition that a witness against

22  him at his criminal trial had recanted his testimony from Plaintiff's trial and had provided

23  a declaration that he did so based on the district attorney's offer to reduce charges against

24  him in another case.  Plaintiff further alleges that after Judge Goodman issued an order to

25  show cause on his habeas petition, the district attorney obtained another declaration from

26  the witness, stating that he had only recanted the testimony and provided the declaration

27  to Plaintiff due to threats from Plaintiff's family.  Judge Goodman later denied the habeas

28  petition after reviewing the record as a whole and Plaintiff has provided this Court with

copies of the relevant documents and Judge Goodman's decision.  Plaintiff complains that Defendant Goodman's use of judicial power with regard to the state habeas petition resulted in an obstruction of justice.

## ANALYSIS

I      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

II     Legal Claims

Plaintiff's complaint against Judge Goodman fails to state a claim for relief, as Judge Goodman is absolutely immune from suit based on the doctrine of judicial immunity.  A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.  Stump v. Sparkman, 435 U.S. 349, 362 (1978); see, e.g., Mireles v. Waco, 502 U.S. 9, 11-13 (1991) (judge's direction to court officers to forcibly bring person before him is function normally performed by judge and taken in aid of judge's jurisdiction over matter before him); Simmons v.

Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (judge absolutely immune for entering default judgment against prisoner who was not permitted to attend civil trial because entry of default judgment in a pending civil case is unquestionably a judicial act).  Other factors in determining whether a particular act is judicial include whether: (1) the events occurred in the judge's chambers, (2) the controversy centered around a case then pending before the judge, and (3) whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). Ruling on a motion and exercising control over a courtroom are normal judicial functions.  Id.  (judge who denied disability accommodation to litigant was absolutely immune).  As such, Plaintiff's complaint is dismissed for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's action is DISMISSED for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  The Clerk of Court shall enter judgment and close the file.

SO ORDERED.

DATED:   04/17/07

THELTON E. HENDERSON
United States District Judge